**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PINNACLE METAL PRODUCTS COMPANY, f/k/a the Wilkie Company, Respondent.**

No. 02–2173.

United States Court of Appeals, Sixth Circuit.

May 19, 2003.

Before: KENNEDY, BOGGS, and DAUGHTREY, Circuit Judges.

## JUDGMENT

Unfair labor practice charges were filed against the respondent alleging it had violated federal labor law in its treatment of employees who had engaged in a strike but who had made an unconditional offer to return to work. Following a hearing, an administrative law judge found the respondent to have committed the charged violations and set forth the remedial steps to be taken by the respondent to correct those violations. The respondent filed exceptions to that decision, but it was affirmed by the National Labor Relations Board (the "Board") on July 19, 2002. *Pinnacle Metal Products Co.*, 337 NLRB No. 128, 2002 WL 1723741 (2002).

 On September 3, 2002, the respondent petitioned this court for review of the Board's decision and order. That petition was filed as Case No. 02–2065. On September 26, 2002, the Board cross-petitioned for enforcement of its decision and order. The cross-petition was docketed as Case No. 02–2173. The cases were consolidated and a single briefing schedule was issued. When the respondent failed to file its brief, the Board moved for summary enforcement of its decision and order. By means of a letter dated January 7, 2003, the respondent stated its belief that the Board was entitled to summary enforcement, but asked that the entry of any such enforcement be delayed until a decision had been rendered by this court in two related cases also involving the respondent and the Board. The Board opposed any stay of its motion for summary enforcement.

Meanwhile, the respondent's petition for review (Case No. 02–2065) was dismissed on January 2, 2003, for failure of the respondent to file its appellate brief.[1] Also, this court has now rendered a decision in the related cases, denying the respondent's petition for review and granting the Board's cross-petition for enforcement. *See Wilkie Co. v. NLRB*, 55 Fed.Appx. 324 (6th Cir.2003) (unpublished per curiam).

The failure of a party to challenge the merits of any portion of a Board decision and order constitutes an abandonment of any issues that may arise thereunder and entitles the Board to summary enforcement of that portion of its decision and order. *FiveCAP, Inc. v. NLRB*, 294 F.3d 768, 791 (6th Cir.2002); *NLRB v. Autodie International, Inc.*, 169 F.3d 378, 381 (6th Cir.1999). Here, the respondent's failure to file a brief constitutes a complete abandonment of any challenges it may have had to the board's decision and order as a whole. Under these circumstances, the Board is entitled to summary enforcement.

It therefore is **ORDERED** that the Board's motion for summary enforcement is granted and the Board's decision and order of July 19, 2002, in Cases No. 7–CA–42013, 7–CA–42030, 7–CA–42083, and 7–CA–42106 is hereby enforced. The respondent, its officers, agents, successors, and assigns, shall abide by and perform the directions of the Board contained therein.

---

1. Pursuant to Rule 15.1, Fed. R.App. P., the respondent was to file the first brief in the consolidated appeals and was thus designated the petitioner/cross-respondent in the caption for both cases. Because the only petition remaining before the court is the Board's petition for enforcement, the Board is now designated the petitioner.